IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

AVERY C. BRADFORD, :
:
          Plaintiff, :
: NO. 5:24-cv-330-CAR-AGH
VS. :
:
Warden TIMOTHY SALES, :
:
          Defendant.[1] :
_____ :

## ORDER OF DISMISSAL

Plaintiff Avery C. Bradford, a prisoner in Macon State Prison in Oglethorpe, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and moved to proceed *in forma pauperis*. ECF No. 1; ECF No. 3. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** and, in accordance with the Prison Litigation Reform Act ("PLRA"), Plaintiff is responsible for the full payment of the filing fee as set forth below. Following review of Plaintiff's complaint, it is determined that his action must be **DISMISSED.**

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 3. As it appears Plaintiff is unable to

---

[1] Plaintiff did not show a defendant on his 42 U.S.C. § 1983 form. ECF No. 1 at 1. He did, however, show Warden Timothy Sales as the defendant on his motion to proceed *in forma pauperis*. ECF No. 3. The Court has, therefore, listed Warden Sales as the defendant in this action.

pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Macon State Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the

$350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the PLRA, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or

3

employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts

4

"to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations and Analysis

Plaintiff states he is currently serving sentences of life and life without the possibility of parole having been convicted of aggravated assault, aggravated sodomy, and rape in the Superior Court of Clarke County. ECF No. 1 at 1. Plaintiff alleges that he should receive a new trial due to juror misconduct. *Id*. at 6. Specifically, he states that an alternate juror was reading a newspaper in the jury room during deliberations and a separate juror brought a "Mosby's medical terminology notecard" into the jury room. *Id*.; ECF No. 4 at 2.

Plaintiff's juror misconduct claims cannot be raised in a 42 U.S.C § 1983 action. Instead, these claims must be brought in a 28 U.S.C. § 2254 petition.

The line of demarcation between a § 1983 civil rights action and a § 2254

5

> habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence. When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983.  However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus" under § 2254.  Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.

*Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (citation omitted).  Civil rights and habeas actions "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Id*. (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).  Plaintiff's juror-misconduct claims and the relief he seeks (a new trial) "would either invalidate his conviction or sentence or change the nature or duration of his sentence," and, therefore, the claims must be raised in a habeas petition.  *Id*.

The Court notes that Plaintiff has already filed two habeas petitions in this Court. *Bradford v. Perry*, 3:19-cv-16-CAR-CHW (M.D. Ga. Feb. 13, 2009) (habeas relief denied on Feb. 13, 2020 at ECF No. 33); *Bradford v. Smith*, 3:23-cv-52-TES-CHW (M.D. Ga. May 1, 2023) (dismissed for lack of jurisdiction on December 1, 2023 at ECF No. 19 because petition was second or successive).  Should Plaintiff wish to file a third habeas petition challenging his 2012 Clarke County conviction for aggravated assault, rape, aggravated sodomy, and aggravated sexual battery, he will first need to petition the United States Court of Appeals for the Eleventh Circuit for authorization to do so.  28 U.S.C. §

2244(b)(3)(A)-(C).

In conclusion, it is **ORDERED** that Plaintiff's action is **DISMISSED** without prejudice to Plaintiff's right to petition the Eleventh Circuit to file a second or successive habeas petition.[2]

**SO ORDERED** this 9th day of December, 2024.

                                                s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Plaintiff's motion to enter record (ECF No. 4) and motion to enter legal documents (ECF No. 5) are **DENIED AS MOOT**.